UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT DILLON,

     Plaintiff,

v.                                                                          Case No. 2:26-cv-1936 JES-KRH

CITY OF JACKSONVILLE BEACH;
SCOTT O'CONNELL; JAMES
WALTERS; T.K. WATERS, in his
official capacity as Sheriff of Jacksonville,

     Defendants.

_____/

## CITY OF JACKSONVILLE BEACH'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, the City of Jacksonville Beach ("City"), by and through the undersigned counsel, responds to Plaintiff's complaint and provides the following answer and affirmative defenses:

1. Paragraph one of the complaint is a general statement and/or argument that does not require a response. To the extent that one is required, it is denied.

2. Paragraph two of the complaint is a general statement and/or argument that does not require a response. To the extent that one is required, it is denied.

3. Paragraph three of the complaint is a general statement and/or argument that does not require a response. To the extent that one is required, it is denied.

4. Paragraph four of the complaint is a general statement and/or argument that does not require a response. To the extent that one is required, it is denied.

1

5. Denied.

6. Denied.

7. Admitted Plaintiff was charged under Florida Statute 787.025(2)(a) and was arrested at his home. Otherwise without knowledge and therefore denied.

## Jurisdiction and Venue

8. Admitted.

9. Denied.

## Parties

10. Without knowledge, therefore denied.

11. Admitted.

12. Admitted O'Connell was the investigator. Admitted O'Connell submitted a request for a warrant. Admitted O'Connell was promoted. Admitted O'Connell is sued in his individual capacity.

13. Admitted the Sheriff is sued in his official capacity, and that the Sheriff's Office serves as law enforcement for the City of Jacksonville. Otherwise without knowledge and denied.

14. This party is no longer a defendant in this action and the allegations in this paragraph are moot. To the extent a response is required, it is denied.

15. Without knowledge, therefore denied.

## Factual Allegations

2

16. Without knowledge, therefore denied.

17. Without knowledge, therefore denied.

18. Without knowledge, therefore denied.

19. Without knowledge, therefore denied.

20. Without knowledge, therefore denied.

21. Without knowledge, therefore denied.

22. Without knowledge, therefore denied.

23. Without knowledge, therefore denied.

24. Without knowledge, therefore denied.

25. Without knowledge, therefore denied.

26. Without knowledge, therefore denied.

27. Without knowledge, therefore denied.

28. Without knowledge, therefore denied.

29. Without knowledge, therefore denied.

30. Without knowledge, therefore denied.

31. Without knowledge, therefore denied.

32. Without knowledge, therefore denied.

33. Without knowledge, therefore denied.

34. Without knowledge, therefore denied.

35. Without knowledge, therefore denied.

36. Denied as phrased.

37. Without knowledge, therefore denied.

38. Without knowledge, therefore denied.

39. Without knowledge, therefore denied.

40. Without knowledge, therefore denied.

41. Without knowledge, therefore denied.

42. Denied as phrased.

43. Admitted the policy speaks for itself, otherwise denied.

44. Admitted the policy speaks for itself, otherwise denied.

45. Admitted the policy speaks for itself, otherwise denied.

46. Without knowledge, therefore denied.

47. Without knowledge, therefore denied.

48. Without knowledge, therefore denied.

49. Without knowledge, therefore denied.

50. Without knowledge, therefore denied.

51. Without knowledge, therefore denied.

52. Without knowledge, therefore denied.

53. Without knowledge, therefore denied.

54. Without knowledge, therefore denied.

55. Without knowledge, therefore denied.

56. Denied.

57. Without knowledge, therefore denied.

58. Denied as to Jacksonville Beach, otherwise without knowledge and therefore denied.

4

**Incident at Jacksonville Beach McDonald's**

59. Admitted only this is reflected in the incident report.

60. Admitted only this is reflected in the incident report.

61. Admitted only this is reflected in the incident report.

62. Admitted only this is reflected in the incident report.

63. Admitted only this is reflected in the incident report.

64. Admitted only this is reflected in the incident report.

65. Admitted only this is reflected in the incident report.

66. Denied as phrased.

67. Admitted only this is reflected in the incident report.

68. Denied as phrased.

69. Without knowledge, therefore denied.

70. Denied as phrased.

71. Admitted only this is reflected in the incident report.

72. Admitted only this is reflected in the incident report.

73. Admitted only this is reflected in the incident report.

74. Admitted only this is reflected in the incident report.

75. Without knowledge, therefore denied.

76. Without knowledge, therefore denied.

77. Admitted only this is reflected in the incident report.

78. Admitted only this is reflected in the incident report.

79. Denied as phrased.

80. Admitted only this is reflected in the incident report.

81. Paragraph eighty-one of the complaint is a general statement and/or argument that does not require a response. To the extent that one is required, it is denied.

82. Denied as phrased.

83. Denied.

84. Without knowledge, therefore denied.

85. Admitted.

86. Without knowledge, therefore denied.

87. Admitted only this is reflected in the incident report.

88. Admitted only this is reflected in the incident report.

89. Denied.

90. Paragraph ninety of the complaint is a general statement and/or argument that does not require a response. To the extent one is required, it is denied.

91. Without knowledge, therefore denied.

92. Without knowledge, therefore denied.

93. Without knowledge, therefore denied.

94. Without knowledge, therefore denied.

95. Without knowledge, therefore denied.

96. Without knowledge, therefore denied.

97. Without knowledge, therefore denied.

98. Without knowledge, therefore denied.

6

99. Denied as phrased.

100.     Denied as phrased.

101.     It is admitted that at some point O'Connell called and spoke with the Plaintiff, otherwise denied.

102.     It is admitted that at some point O'Connell called and spoke with the Plaintiff, otherwise denied.

103.     It is admitted that at some point O'Connell called and spoke with the Plaintiff, otherwise without knowledge and therefore denied.

104.     It is admitted that at some point O'Connell called and spoke with the Plaintiff, otherwise without knowledge and therefore denied.

105.     It is admitted that at some point O'Connell called and spoke with the Plaintiff, who denied involvement, otherwise without knowledge and therefore denied.

106.     It is admitted that at some point O'Connell called and spoke with the Plaintiff, who denied involvement, otherwise without knowledge and therefore denied.

107.     It is admitted that at some point O'Connell called and spoke with the Plaintiff, who denied involvement, otherwise without knowledge and therefore denied.

108.     It is admitted that at some point O'Connell called and spoke with the Plaintiff, who denied involvement, otherwise without knowledge and therefore denied.

109.     It is admitted that at some point O'Connell called and spoke with the Plaintiff, who denied involvement, otherwise without knowledge and therefore denied.

110.     It is admitted that at some point O'Connell called and spoke with the Plaintiff, who denied involvement, otherwise without knowledge and therefore denied.

111.     Without knowledge, therefore denied.

112.     Without knowledge, therefore denied.

113.     Without knowledge, therefore denied.

114.     It is admitted that at some point O'Connell called and spoke with the Plaintiff, who denied involvement, otherwise without knowledge and therefore denied. It is only admitted that the allegations in paragraph one hundred fourteen are not in the warrant affidavit.

115.     Denied.

116.     It is admitted Plaintiff was in the photo array, otherwise without knowledge and therefore denied.

117.     Admitted only that this is reflected in the incident report.

118.     Admitted only that this is reflected in the incident report.

119.     Admitted only that this is reflected in the incident report.

120.     Paragraph one hundred twenty of the complaint is a general statement and/or argument that does not require a response. To the extent one is required, it is denied.

8

121.    Admitted only that this is reflected in the incident report.

122.    Admitted only that this is reflected in Ms. Wilson's sworn statement.

123.    Paragraph one hundred twenty-three of the complaint is a general statement and/or argument that does not require a response. To the extent one is required, it is denied.

124.    Admitted subject to verification.

125.    Without knowledge, therefore denied.

126.    Denied as phrased.

127.    Admitted only that this is reflected in the incident report.

128.    Admitted only that this is reflected in the incident report.

129.    Admitted only that this is reflected in the incident report.

130.    Admitted only that this is not in the warrant affidavit.

131.    Admitted only that this is reflected in the incident report.

132.    Admitted the incident report speaks for itself, otherwise denied.

133.    Without knowledge, therefore denied.

134.    Without knowledge, therefore denied.

135.    Without knowledge, therefore denied.

136.    Without knowledge, therefore denied.

137.    Without knowledge, therefore denied.

138.    Denied as phrased.

139.    Without knowledge, therefore denied.

140.    Without knowledge, therefore denied.

9

141.	Without knowledge, therefore denied.

142.	Without knowledge, therefore denied.

143.	Without knowledge, therefore denied.

144.	Admitted only that this is reflected in the incident report.

145.	Admitted.

146.	Admitted the narrative speaks for itself, otherwise denied.

147.	Admitted the narrative speaks for itself, otherwise denied.

148.	Admitted the narrative speaks for itself, otherwise denied.

149.	Admitted the narrative speaks for itself, otherwise denied.

150.	Denied.

151.	Denied as to all parts.

152.	Denied.

153.	Denied.

154.	Denied.

155.	Denied.

156.	Denied.

157.	Denied.

158.	Denied as phrased.

159.	Denied as phrased.

160.	Denied as phrased.

161.	Admitted subject to verification.

162.	Without knowledge, therefore denied.

163.    Without knowledge, therefore denied.

164.    Without knowledge, therefore denied.

165.    Without knowledge, therefore denied.

166.    Without knowledge, therefore denied.

167.    Without knowledge, therefore denied.

168.    Without knowledge, therefore denied.

169.    Without knowledge, therefore denied.

170.    Without knowledge, therefore denied.

171.    Without knowledge, therefore denied.

172.    Without knowledge, therefore denied.

173.    Without knowledge, therefore denied.

174.    Without knowledge, therefore denied.

175.    Without knowledge, therefore denied.

176.    Without knowledge, therefore denied.

177.    Without knowledge, therefore denied.

178.    Paragraph one hundred seventy-eight of the complaint is a general statement and/or argument that does not require a response. To the extent one is required, it is denied.

179.    Without knowledge, therefore denied.

180.    Denied as phrased.

181.    Denied as phrased.

182.    Paragraph one hundred eighty-two of the complaint is a general statement and/or argument that does not require a response. To the extent one is required, it is denied.

183.    Without knowledge, therefore denied.

184.    Without knowledge, therefore denied.

185.    Without knowledge, therefore denied.

186.    Without knowledge, therefore denied.

187.    Without knowledge, therefore denied.

188.    Without knowledge, therefore denied.

189.    Without knowledge, therefore denied.

190.    Without knowledge, therefore denied.

191.    Without knowledge, therefore denied.

192.    Denied as phrased.

193.    Admitted.

194.    Paragraph one hundred ninety-four of the complaint is a general statement and/or argument that does not require a response. To the extent one is required, it is denied.

195.    Denied as phrased.

196.    Denied as phrased.

197.    Denied as phrased.

198.    Denied as phrased.

199.    Admitted court records speak for themselves, otherwise denied.

200.     Admitted letter speaks for itself, otherwise denied.

201.     Denied has framed.

202.     Admitted.

203.     Admitted O'Connell received a promotion, otherwise denied as framed.

204.     Denied.

205.     Denied.

206.     Without knowledge, therefore denied.

207.     Denied.

208.     Denied.

209.     Admitted the order speaks for itself, otherwise without knowledge and therefore denied.

210.     Denied.

211.     Admitted the order speaks for itself, otherwise denied.

212.     Denied.

213.     Denied.

214.     Denied.

215.     Denied.

216.     Denied as phrased as to all parts.

217.     Denied.

218.     Admitted the order speaks for itself, otherwise denied.

219.     Admitted the order speaks for itself, otherwise denied.

220.     Denied.

221.    Denied.

222.    Denied as phrased.

223.    Denied as phrased.

224.    Denied.

225.    Without knowledge, therefore denied.

226.    Without knowledge, therefore denied.

227.    Without knowledge, therefore denied.

228.    Without knowledge, therefore denied.

229.    Without knowledge, therefore denied as to all parts.

230.    Without knowledge, therefore denied.

231.    Without knowledge, therefore denied.

232.    Without knowledge, therefore denied.

233.    Without knowledge, therefore denied.

234.    Without knowledge, therefore denied.

235.    Without knowledge, therefore denied.

236.    Without knowledge, therefore denied.

237.    Without knowledge, therefore denied.

238.    Without knowledge, therefore denied.

239.    Without knowledge, therefore denied.

240.    Without knowledge, therefore denied.

241.    Without knowledge, therefore denied.

242.     Admitted Walters communicated a 93% match to O'Connell, otherwise denied.

243.     Without knowledge, therefore denied.

244.     Without knowledge, therefore denied.

245.     Without knowledge, therefore denied.

246.     Without knowledge, therefore denied.

247.     Without knowledge, therefore denied.

248.     Without knowledge, therefore denied.

249.     Denied as phrased.

250.     Without knowledge, therefore denied.

251.     Admitted the PCSO runs FACESNEXT, otherwise denied.

252.     Without knowledge, therefore denied.

253.     Without knowledge, therefore denied.

254.     Without knowledge, therefore denied.

255.     Without knowledge, therefore denied.

256.     Without knowledge, therefore denied.

257.     Without knowledge, therefore denied.

258.     Without knowledge, therefore denied.

259.     Without knowledge, therefore denied.

260.     Without knowledge, therefore denied.

261.     Without knowledge, therefore denied.

262.     Without knowledge, therefore denied.

263.    Without knowledge, therefore denied.

264.    Without knowledge, therefore denied.

265.    Without knowledge, therefore denied.

266.    Without knowledge, therefore denied.

267.    Without knowledge, therefore denied.

268.    Without knowledge, therefore denied.

269.    Without knowledge, therefore denied.

270.    Without knowledge, therefore denied.

271.    Without knowledge, therefore denied.

272.    Without knowledge, therefore denied.

273.    Without knowledge, therefore denied.

274.    Without knowledge, therefore denied.

275.    Without knowledge, therefore denied.

276.    Without knowledge, therefore denied.

277.    Without knowledge, therefore denied.

278.    Without knowledge, therefore denied.

279.    Without knowledge, therefore denied.

280.    Without knowledge, therefore denied.

## CLAIMS FOR RELIEF

### Count I - Fourth Amendment Malicious Prosecution (O'Connell and Walters)

281-289. The allegations in paragraphs 281-289 do not apply to this Defendant. To the extent they do, they are denied.

16

## Count II – Monell Liability (City of Jacksonville Beach)

290. Defendant has responded to paragraphs 1-289 above, and further responds as follows:

291. Denied.

292. Denied as framed.

293. Denied.

294. Denied.

295. Denied.

296. Denied as framed.

297. Denied.

298. Denied.

## Count III – Monell Liability (Sheriff Waters)

299-307. The allegations in paragraphs 299-307 do not apply to this Defendant. To the extent they do, they are denied.

## Count IV – Monell Liability (Sheriff Gualtieri)

308-314. The allegations in paragraphs 308-314 do not apply to this Defendant and are moot as this entity is no longer a party to this matter. To the extent any allegation applies to this Defendant, they are denied.

## AFFIRMATIVE DEFENSES

1. Defendant affirmatively alleges that Plaintiff's complaint fails to state claims or causes of action upon which relief may be granted. Even assuming that Plaintiff is entitled to relief, which is denied, Plaintiff is not entitled to any or all remedies requested in the Complaint and/or its prayers for relief.

17

2. Defendant affirmatively alleges that no Constitutional, State, or Federally protected rights of the Plaintiff has been infringed or violated, thus barring Plaintiff's recovery under any theory.

3. Defendant affirmatively alleges that there was no official custom, policy or longstanding practice which was the motivating force behind any of the alleged Constitutional violations so as to give rise to municipal liability for the alleged Constitutional violations.

4. Defendant affirmatively alleges and avers that it did not engage in, approve, or condone deliberate indifference to constitutionally protected rights of the Plaintiff or that would constitute negligence.

5. Defendant affirmatively alleges that that it is immune under the doctrines of sovereign or absolute immunity.

6. Defendant affirmatively alleges that the actions of its officer(s) were supported by probable and/or arguable probable cause.

7. Defendant asserts that O'Connell is entitled to qualified immunity and/or there was no underlying constitutional violation and thus no liability lies against the City under any theory including *respondeat superior*.

8. Defendant affirmatively alleges that Plaintiff's damages and/or injuries which were allegedly sustained by the Plaintiff were the direct result of the Plaintiff's own actions and accordingly Plaintiff's claims should be barred or in the alternative should be reduced in direct proportion to the Plaintiff's own actions and/or omissions.

9.  Plaintiff failed to mitigate his damages, if any, as required by law, and Plaintiff should therefore be barred from recovering the alleged damages that could have been mitigated.

10. To the extent that the Plaintiff received payments from collateral sources, settlements, recoveries, payments, satisfactions, and/or judgments, Defendant is entitled to set-off(s) and/or deduction(s) equal to the value of all benefits paid or payable to the Plaintiff.

11. Plaintiff's claims are subject to the limitations and restrictions of Section 768.28, Florida Statutes, including, but not limited to, monetary limitations and written notice of claim requirements.

12. Defendant was required to retain counsel to defend this action and will incur costs, attorney's fees, and expenses. Defendant asserts that it is entitled to an award of attorney's fees, expenses, and costs pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1927, Fed. R. Civ. P. 11, Fed. R. Civ. P. 54(d), and the Court's inherent powers.

13. Defendant hereby gives notice that it intends to rely upon such other defenses as may become available during the discovery proceedings in this case and hereby reserves the right to amend its Answer and Affirmative Defenses to assert any such defenses.

## DEMAND FOR JURY TRIAL

Defendant hereby demands trial by jury for all issues and questions so triable.

Respectfully submitted,

19

*/s/ David Jadon*
David Jadon
Florida Bar No. 1010249

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF on this 2nd day of July, 2026, to: Nicholas L.V. Warren, Lead Counsel Daniel B. Tilley, ACLU Foundation of Florida, 4343 West Flagler Street, Suite 400, Miami, FL 33134, nwarren@aclufl.org; dtilley@aclufl.org; Nathan Freed Wessler, Lauren J. Yu, American Civil Liberties Union Foundation, 125 Broad Street, 18th Floor, New York, NY 10004, nwessler@aclu.org; lyu@aclu.org; Ira J. Lipton, Siddartha Rao, Steven M. Silverberg, Hoguet Newman, Regal & Kenney, LLP, 60 East 42nd Street, 48th Floor, New York, NY 10165, ilipton@hnrklaw.com; srao@hnrklaw.com; ssilverberg@hnrklaw.com  *Counsels for Plaintiff.*

*/s/ David Jadon*
David Jadon, Esquire
Florida Bar No.: 1010249
Roper, Townsend & Sutphen, P.A.
255 S. Orange Avenue, Suite 750
Orlando, FL 32801
Telephone: (407) 897-5150
Facsimile: (407) 897-3332
Primary e-mail: djadon@roperpa.com
Secondary e-mail: lramirez@roperpa.com
Attorney for Defendant, *CITY OF JACKSONVILLE BEACH*

20